IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM E. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | 4:16CV3162 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT R. FRAKES, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

William E. Smith (Smith or Petitioner) has filed a petition for writ of habeas corpus challenging his state convictions. The Respondent has filed an answer, the relevant portions of the record below, and a brief.

Smith has not directly responded to Respondent's brief. Instead he sought a stay and abeyance order and then, after that motion was denied for failure to show good cause why the motion should be granted[1], he filed a second motion for leave to file another stay and abeyance motion which was also denied.

After an earlier extension, Petitioner's deadline for submitting a responsive brief was Monday, July 17, 2017. (See filing no. 31.) Although Smith has tried to postpone the day of reckoning, that day has now come. The petition for writ of habeas corpus will be denied with prejudice and no certificate of appealability will be issued.

Smith's claims are either procedurally defaulted or lack substantive merit. Concisely, I next explain why that is so.

---

[1] *See* filing no. 30, for Respondent's excellent explanation why a stay and abeyance order would have been an abuse of my discretion.

### *Brief Background*

Smith was involved in an altercation in 2008 where he shot a man after a fight ensued outside a "Gentlemen's Club." Consequently, the State charged Smith with one count of attempted second degree murder, a Class II felony; one count of first degree assault, a Class III felony; and one count of use of a weapon to commit a felony, a Class III felony. Following a trial, a jury found Smith guilty of the crimes charged. Smith was sentenced to 25 to 35 years of imprisonment for attempted second degree murder and 15 to 20 years of imprisonment for first degree assault, to run concurrently. He was sentenced to 15 to 20 years of imprisonment for use of a weapon to commit a felony, to run consecutively with the other sentences.

On direct appeal, the Nebraska Supreme Court affirmed the convictions except for the attempted second-degree murder conviction. As to that charge, the court reversed and remanded for a new trial. *State v. Smith*, 822 N.W.2d 401 (Neb. 2012) (observing that the Nebraska Supreme Court had in effect changed the law after Petitioner's trial and it had created the crime of attempted voluntary manslaughter; Petitioner's trial counsel was not ineffective for failing to request an instruction on a law that had not yet been announced by the Nebraska Supreme Court, but remanding for a new trial and the application of the new law).

In lieu of a new trial, Smith pled no contest to an amended charge of attempted voluntary manslaughter. For that plea, he was sentenced to 20 months to 5 years of imprisonment, to be served concurrently with his prior sentence of 15 to 20 years of imprisonment for first degree assault. The prior sentence of 15 to 20 years of imprisonment for use of a weapon to commit a felony remained consecutive to the other sentences.

Smith then filed a motion for post-conviction relief. The Nebraska Supreme Court affirmed the denial of that motion. Among other things, the Nebraska Supreme Court ruled that:

Smith's convictions for first degree assault and use of a weapon to commit a felony were final judgments, and his [later no contest] plea without challenging the information did not affect those convictions. Therefore, Smith's contention—that his plea to a "reduced charge of attempted voluntary manslaughter ... effectively eradicated and eliminated the charges of first degree assault and use of a weapon"—is without merit.

*State v. Smith*, 883 N.W.2d 299, 307 (Neb. 2016).

### *Claims*

In Claim One, Petitioner asserts that he: (A) was denied due process of law when the assault and weapons convictions were not also reversed; (B) was denied effective assistance of trial counsel regarding the assault and weapons convictions; and (C) was denied due process of law regarding the assault and weapons convictions because of the multiple suggestive lineups that took place prior to the in-court identification. In Claim Two, Petitioner asserts that, regarding the proceedings on remand, Petitioner's entry of a plea for attempted voluntary manslaughter in those proceedings was induced by ineffective assistance of counsel.

### *Analysis*

I agree with Respondent that (1) Ground A of Claim One, Ground C of Claim One, and Claim Two have been procedurally defaulted; and (2) Ground B of Claim One has no substantive merit.

### *Exhaustion and Procedural Default*

As set forth in 28 U.S.C. § 2254:

-3-

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (i)    there is an absence of available State corrective process; or

            (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See *Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

-4-

"In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation marks omitted).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

To be precise, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### *Nebraska Law Relevant to Procedural Default*

Under Nebraska law, you don't get two bites of the post-conviction apple; that is, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). *See also State v. Thorpe*, 858 N.W.2d 880, 887 (Neb. 2015) ("A motion for postconviction relief

cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased."); *State v. Filholm*, 848 N.W.2d 571, 576 (Neb. 2014) ("*When a defendant's trial counsel is different from his or her counsel on direct appeal*, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred."). (Italics added.)

Note also that Nebraska has a statute of limitations for bringing postconviction actions that is similar to federal law. It reads:

> 4) A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:
>
> > (a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;
> > (b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;
> > (c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;
> > (d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or
> > (e) August 27, 2011.

Neb. Rev. Stat. Ann. § 29-3001(4) (West).

-6-

### *Deference Under 28 U.S.C. § 2254(d)*

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id*. However, this high degree of deference only applies where a claim has been adjudicated on the merits by the

-7-

state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. Accordingly, the postconviction trial court's discussion of counsel's performance—combined with its express determination that the ineffective-assistance claim as a whole lacked merit—plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted).

The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.*

### The Especially Deferential *Strickland* Standard

When a petitioner asserts an ineffective assistance of counsel claim, the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984), must be applied. The standard is very hard for offenders to satisfy.

-8-

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687. The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Id.* at 687-88. In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. *Id.* at 690.

Additionally, the Supreme Court has emphasized that the deference due the state courts applies with special vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111 (2009). In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Id.* at 123 (internal quotation marks and citations omitted).

The Supreme Court has recently emphasized that *Strickland* applies equally to appellate counsel, and that appellate counsel is entitled to the "benefit of the doubt." *Woods v. Etherton*, 136 S. Ct. 1149, 1153 (2016) (a "fairminded jurist" could have concluded that repetition of anonymous tip in state-court cocaine-possession trial did not establish that the uncontested facts it conveyed were submitted for their truth, in violation of the Confrontation Clause, or that petitioner was prejudiced by its admission into evidence, precluding federal habeas relief under Antiterrorism and Effective Death Penalty Act (AEDPA); Petitioner could not establish that Petitioner's appellate counsel was ineffective, as appellate counsel was entitled to the "benefit of the doubt").

### *Petitioner's Claims That Are Procedurally Defaulted*

Ground A of Smith's first habeas claim has been procedurally defaulted because it was not raised to the Nebraska Supreme Court in either his direct appeal or his postconviction appeal. Although the underlying substance of this claim was presented to the Nebraska Supreme Court in Smith's postconviction appeal, it was addressed as an ineffective assistance of appellate counsel claim and not a separate due process claim. *Smith*, 883 N.W.2d at 306-310. Because Smith's due process claim could have been previously raised in the state appellate courts, Smith cannot now raise that claim in a successive state postconviction motion, and would further be barred by Nebraska's state of limitations on postconviction motions. Thus, Claim One, Ground A, has been procedurally defaulted.

Although Ground C of Claim One was raised in Smith's direct appeal to the Nebraska Court of Appeals, the claim is procedurally defaulted because it was not raised in his petition for further review to the Nebraska Supreme Court. (See filing no. 9-12 at CM/ECF p.2.) As a result, Smith has not invoked one complete round of Nebraska's established appellate review process as it relates to that claim. The claim is now procedurally defaulted, not unexhausted, because the Nebraska courts would not entertain a successive postconviction motion based on this claim since it was

raised on his direct appeal to the Court of Appeals. Furthermore, any successive postconviction motion filed by Smith would also be barred by Nebraska's statute of limitations. Thus, this claim has been procedurally defaulted.

Smith's Claim Two has been procedurally defaulted because it was not raised in his postconviction appeal to the Nebraska Supreme Court. *See Smith*, 883 N.W.2d at 306 ("Smith assigns, condensed and restated, (1) that the district court erred in denying his motion for postconviction relief without an evidentiary hearing despite Smith's claims that his appellate counsel was ineffective; (2) that the district court erred in hearing his claims of ineffective assistance of appellate counsel at the hearing on his motion for new counsel, prior to his motion for postconviction relief; and (3) that plain error permeates the record."). Because this claim was available to Smith in his state postconviction proceeding, Smith cannot now raise the claim in a successive state postconviction motion, and it would further be barred by Nebraska's statute of limitations on postconviction motions. Thus, Claim Two has been procedurally defaulted.

Finally, Petitioner has failed to show cause and prejudice to excuse the defaults. Nor has he made any attempt to show that he was actually (factually) innocent.

### *Ground B of Petitioner's Claim One Has No Substantive Merit*

Smith asserts that his trial counsel was ineffective. On appeal from the post-conviction motion, the Nebraska Supreme Court examined the effectiveness of trial counsel through the lens of the effectiveness of appellate counsel for failing to allege on direct appeal that which is claimed to constitute a violation of the right to effective trial counsel. Applying the *Strickland* test, the Nebraska Supreme Court carefully examined Petitioner's claims and found them wanting. *Smith*, 883 N.W.2d at 307-309. Applying the "doubly deferential" standard of review for such cases, Smith's ineffective assistance of trial counsel claim has no merit.

-11-

### *No Certificate of Appealability*

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED the motion for writ of habeas corpus under 28 U.S.C. § 2254 (filing no. 1) is denied and dismissed with prejudice. No certificate of appealability has been or will be issued. A separate judgement will be entered.

DATED this 31st day of July, 2017.

BY THE COURT:

*s/Richard G. Kopf*
Senior United States District Judge

-12-